JOHN B. FOLSOM *vs.* WILLIAM CLARK.

Penobscot.    Opinion January 18, 1881.

*Betterments.    Forcible entry and detainer.*

By R. S., c. 104, § 23, when an action is brought by a reversioner or remainder man, or his assigns, after the termination of a life estate, against the assigee or grantee of the tenant of the life estate, or against his heirs or legal representatives, such assignee, or grantee, heir, or legal representative, is entitled to the increased value of the premises by reason of improvements made by the life tenant.

That statute did not affect the rights of parties where the improvements had been made before it was enacted; but it does apply to all cases where the improvements have been made since its passage.

Forcible entry and detainer cannot be maintained against a disseizor who is entitled to betterments.

ON REPORT.

Forcible entry and detainer.

The facts sufficiently appear in the opinion.

*Josiah Crosby*, for the plaintiff.

A tenant can have no claim for betterments unless he has been at least six years in open, notorious, exclusive and adverse possession.    This defendant was in adverse possession only from death of the life tenant, and that was less than six years.    Seizin of the tenant while the particular estate continues is not adverse to the reversioner or remainder man.    *Treat* v. *Strickland*, 23 Maine, 234 ; *Pratt* v. *Churchill*, 42 Maine, 471 ; R. S., c. 104, § 38 ; *Wales* v. *Coffin*, 100 Mass. 177 ; *Plimpton* v. *Plimpton*, 12 Cush. 458 ; R. S., c.73, § 5.

Forcible entry and detainer is the proper remedy in this case. *John* v. *Sabattis*, 69 Maine, 473.

*E. Walker*, for the defendant, upon the questions considered in the opinion, cited : R. S., c. 104, § 23 ; *Reed* v. *Reed*, 68 Maine, 571 ; *Poor* v. *Larrabee*, 58 Maine, 563 ; *Austin* v. *Stevens*, 24 Maine, 520 ; R. S., c. 94, § 1.

LIBBEY, J. By R. S., c. 94, § 1, a process of forcible entry and detainer may be maintained against a disseizor, who has not acquired any claim by possession and improvement.

The defendant was in possession of the demanded premises as a disseizor. He claims that he is entitled to the increased value of the premises by reason of the improvements made by the life tenant, whose claims he represents by purchase.

By R. S., c. 104, § 23, in any action brought by a reversioner or remainder man, or his assigns, after the termination of a life estate, against the assignee or grantee of the tenant of the life estate, or against his heirs or legal representatives, such assignee or grantee, heir or legal representative, shall be entitled to the increased value of the premises by reason of improvements made by the life tenant.

Mrs. Bailey was tenant for life of the premises under the will of Edmund Knight. While she lived the defendant carried on the farm under a parol agreement by which he was to have it after her death, in consideration of her support during her life, and they lived on the farm together, and while so living and carrying on the farm the improvements were made. Before her death she conveyed to the defendant.

Upon this state of facts we think it clear that the defendant is entitled to the improvements. *Reed* v. *Reed*, 68 Maine, 568.

But it is claimed by the plaintiff that, as Edmund Knight died in 1840, and the title under his will then vested, and the statutory provisions under which the defendant claims were first enacted in 1843, they cannot apply to this case. The statute did not affect the rights of the parties where the improvements had been made before it was enacted, but it does apply to all cases where the improvements have been made by the tenant for life after its passage. *Austin* v. *Stevens*, 24 Maine, 520.

As the defendant is a disseizor and entitled to improvements, this process does not lie against him.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.